IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|||
|---|---|
| : | CIVIL ACTION |
IN RE EVELYN RIVERA : 
| : |  |
| : | NO. 16-cv-5493 |

ORDER

AND NOW, this 16th day of March 2017, it is hereby ORDERED that Appellant's appeal is DISMISSED for lack of jurisdiction. It is further ORDERED that Appellant's Motion to Consolidate (Doc. No. 6) is DENIED as moot. The Clerk of Court is directed to close this case for statistical purposes.

"An appeal from a decision of a bankruptcy court is subject to the requirements of 28 U.S.C. § 158(c)(2), which provides that appeals 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.'" In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011)(citing 28 U.S.C. § 158(c)(2)). Rule 8002 states that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after *entry* of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1) (emphasis added). If appellant seeks an extension of time to file a notice of appeal, the appellant must file such motion within the provided 14 day period, or "within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Even when excusable neglect exists, the appellant must raise such neglect within the allotted 21 days; no extensions requests are proper after a total of 35 days from entry of a judgment or order. See Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997). If no such request is made to the bankruptcy judge, the reviewing district court is "without jurisdiction to pass upon any claim by [Appellant] for an extension of time for filing." In re

Universal Minerals, Inc., 755 F.2d 309, 312 (3d Cir. 1985). Moreover, a party's "failure to file a timely notice of appeal [] deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." Id.

In this case, Appellant's petition for in forma pauperis status was denied by the Bankruptcy Court on September 26, 2016, and entered on the docket on September 27, 2016. (Doc. No. 1). Appellant filed a notice of appeal on October 14, 2016. (Id.). Based on these dates, Appellant's notice of appeal was filed 17 days after entry of the Court's order on the docket; the notice of appeal was filed 3 days late. The Court notes that Appellant states he was arrested on or about November 28, 2016 (Doc. No. 9), which impacted his ability to respond timely. This arrest, however, occurred after the relevant dates pertaining to the timeliness of the instant appeal.

Although not raised by the pro se appellant, the question remains whether this Court should construe appellant's notice of appeal within the 35-day window as a request to extend the time for filing a notice of appeal. Despite generally construing procedural hurdles liberally for pro se litigants, in this context the Third Circuit has rejected the treatment of such notices of appeal as motions for an extension of time to file. See In re Allegheny Health Educ. & Research Found., 181 F. App'x 289, 291 (3d Cir. 2006) (citing Poole v. Family Court of New Castle Cty., 368 F.3d 263, 269 (3d Cir. 2004) (even when a litigant is pro se, and even if there is a "delay in his receipt of notice from the [] clerk's office regarding the entry of the order of dismissal," the "filing of a motion, not just a notice of appeal" is necessary)). Additionally, this Court is not empowered to determine "whether excusable neglect existed in the first instance, because the Bankruptcy Rules specifically provide that a request for extension of time to file a notice of

appeal must be made to the Bankruptcy Court." Id. Appellant did not file such a request with the Bankruptcy Court.

Accordingly, this Court lacks jurisdiction to hear the instant appeal.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.