In the United States District Court
for the Eastern District of Pennsylvania

John J Lynch
  v
Evelyn Rivera

Civil Action
No # 16 CV-5493
No # 17 CV-0312
No # 17 CV-0408

FILED
MAR 24 2017
KATE BARKMAN, Clerk
By_____ Dep. Clerk

Appellants Response to Appellees Supplemental Response of Defendants (KML Law Group Inc)

To: The Hon. Legrome D Davis;

This is the Plaintiff/appellants response to the defendant appellee KMLs Supplemental response to appellants appeal;

1. First and foremost the court should take into account, and judical notice of the fact that the Superior court of Pennsylvania was given proper notice of pending bankruptcy proceedings as it appears on the readily available Docket entries of that court which was the substance of the adversary Plaintiff motion to defer, and/or application for relief which was denied, by that State court.

2. That after that state court had proper notice of the subject matter jurisdiction being before the State court proceeded anyway without authority to do so under the bankruptcy laws.

3. That the document attached to the appellees Supplemental has not one "John Handcock" from any of the Judical authorities it was supposedly generated by; and that the order/ opinion is not a clerical order or house keeping order.

4. Question to what extent do the Federal courts assign weight to the orders of State courts such as the one attaches to the appellee supplement, which come from a tribunal that had notice of removal of the subject matter jurisdiction into the Federal Judical system, and proceed anyway.

5. That when the Petitioner/Defendant Evelyn Rivera chose to file a bankruptcy before the Federal Judical system She opened the door, and envoked the "absolute" jurisdiction and authority over all aspects of the estate, including the income, debts/liabilities insurance coverages, property, and the actions of the Estates Legal representatives misconduct in concealment.

6. All too often the Trial Lawyers, the trial courts, and appellant court abuse, over use, and/or misuse the doctrine in Wilkins v. Marsico 903 A.2d 1281, 1284-1285 (Pa. Super. 200) to stifel the voices of the poor, and commoner who present their cases before them, which has become a monoply on Justice, and the administration of Justice in the state courts of the Commonwealth of Pennsylvania, Legal aid groups will not take tort cases, and if the sharks don't see an easy meal from, an insurance carrier they won't take the cases either, this is one of those cases.

7. That had the state courts not been so inattentive of the matter before them they would have seen the essience of the claim and the necissity of action to enforce, and sabe gard plaintiff/appellants rights pursuant to the Pennsylvania Rules of Civil procedure No# 3159 A (6), and the Statutory authority underlying, and predicating the Rule which is Section 1 of the act approved May 24th 1933 PL 987, 40 P.S. 117.

8. That the issue of the unfairness of the state courts is on top of the subject matter jurisdiction problem, and is illustrated by a taking into account the statement in the opinion order attached to the appellees supplement on page 6 paragraph 2 foot note #4, and in contrast with the rules of that court at PA. R.A.P. (2151 b) "this court may only consider items which have been included in the certified record and those items which do not appear of record do not exist for appellant purposes".

The appellant before that state court was not required to reproduce the record By the rule

9. It was clearly the Goliath corporate attorneys harping on the appellants Pro Se' status and lack of a reproduced record that distracted the State court from discerning the Plaintiff/appellant/Judgement holders rights under the law, and that it was also not a bad faith claim in the insurance industry, but BAD FAITH in their conduct as attorneys and spiteful concealment of the insurance information complained of.

10. Nonetheless despite the state courts refusal to enforce the order on the insurance issue and honor its rule in (PA.R.A.P. 2151 b), and the appellees stereotyping, and chastizing of the appellant on the Trial matter at no reproduced record attached to appellants Brief the appearance of the order to produce the insurance information shines through the cloud created by appellees in their own brief in the case management order issued by the trial court at (c) a copy of the order appearing at page # 093 in appellee brief in superior court, which is a copy of the packet in the trial court Lynch v Rivera 150304249,

11. The conduct of the specific appellees KML Law Group, representing Bank of America, and Bayview Loan servicing is clearly spiteful, underhanded and dastardly, and serve no legitimate legal purpose other than to hinder obstruct, circumvent and/or deprive the appellant here of recovery either by the filing of an insurance claim with the carrier for the estate, or after execution by suit against the carrier pursuant to the law,

Wherefore appellant respectfully request that this Honorable United States District Court put an end to the corporate giants shell game over the just compensation for the tort claim in the estate, and order the appellees to produce the insurance coverage or face the Sale of the property with the Priority status forfieted, and sanctions for contempt.

Respectfully
Submitted

John J Lynch

3-17-17



# Superior Court of Pennsylvania

### OFFICE OF THE PROTHONOTARY

Pennsylvania Rule of Appellate Procedure 124 requires that all filers leave the original of any paper filing unbound but securely clipped. Remaining copies are to be securely bound. This requirement applies to briefs and reproduced records.*

Those filing on paper must deliver briefs and reproduced records to their respective district filing offices as follows:

- **6 bound and 1 unbound copy of any brief**
- **3 bound and 1 unbound copy of any reproduced record***

**Paper briefs and reproduced records must be accompanied by an electronic copy on CD or flash drive, formatted in PDF.** Microsoft Word files are not acceptable.

**Please note that Pa.R.A.P. 2185(a)(1), (2), concerning service and filing of briefs will be strictly enforced. The rule specifically limits the circumstances under which the date of mailing will be deemed the date of filing: "Briefs shall be deemed filed on the date of mailing if first class, express, or priority United States Postal Service mail is utilized." Deliveries made by commercial carrier do not qualify for such treatment and will be docketed with the date of receipt in the filing office.**

**Those who PACFile their brief and reproduced record must deliver the bound copies noted above, but should not provide the unbound copy, CD or flash drive.**

<u>Requirements for electronic copies:</u>

- CD's and flash drives should be accompanied by an averment that the material included is an accurate and complete representation of the paper version of the filing.

- When possible the electronic version should be made by converting the word processing document directly to PDF. If a document must be scanned, it should be scanned using 300 dpi for black and white and 200 dpi for color.

- PDF documents should be saved as standard quality.

- Separate documents must be provided as separate files. For example, a separate brief and reproduced record should be separate files on the CD or flash drive.

- Name documents clearly, such as Brief for Appellant. Use only letters, numbers, dashes and spaces in naming.

- Label discs and flash drives with the Superior Court docket number, name of party and name of filing. Write on the disc with a permanent marker or print directly on the disc. Do **not** use mailing labels or other adhesive labels on discs. Flash drives may be identified with adhesive tags.

*NOTE: Appellants who proceed *in forma pauperis* (indigent status) need not file a reproduced record. Pa.R.A.P. 2151(b).

| 14-SEP-2015 10:38 AM | AFFIDAVIT OF SERVICE FILED | LYNCH, JOHN J | | 14-SEP-2015 12:00 AM |
|---|---|---|---|---|
| **Documents:** | Click link(s) to preview/purchase the documents AFDVT_36.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF THE COMPLAINT BY FIRST CLASS AND CERTIFIED MAIL FILED IN COMPLIANCE WITH THE COURT ORDER. | | | |

| 15-SEP-2015 10:13 AM | CASE MGMT CONFERENCE COMPLETED | ITALIANO, THERESA | | 15-SEP-2015 10:13 AM |
|---|---|---|---|---|
| **Docket Entry:** | none. | | | |

| 15-SEP-2015 10:13 AM | CASE MANAGEMENT ORDER ISSUED | | | 15-SEP-2015 10:13 AM |
|---|---|---|---|---|
| **Documents:** | Click link(s) to preview/purchase the documents CMOIS_38.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | CASE MANAGEMENT ORDER EXPEDITED TRACK - AND NOW, 15-SEP-2015, it is Ordered that: 1. The case management and time standards adopted for expedited track cases shall be applicable to this case and are hereby incorporated into this Order. 2. All discovery on the above matter shall be completed not later than 07-DEC-2015. 3. Plaintiff shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial to all other parties not later than 07-DEC-2015. 4. Defendant and any additional defendants shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than 04-JAN-2016. 5. All pre-trial motions shall be filed not later than 04-JAN-2016. 6. A settlement conference may be scheduled at any time after 04-JAN-2016. Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;(b) A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount; (c) Defendant shall identify all applicable insurance carriers, together with applicable limits of liability. 7. A pre-trial conference will be scheduled any time after 07-MAR-2016. Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant; (b) A list of all witnesses who may be called to testify at trial by name and address. Counsel should | | | |

R 093                                                             Case ID: 151202495

| | expect witnesses not listed to be precluded from testifying at trial; (c) A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial; (d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and (e) Defendant shall state in position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability; (f) Each counsel shall provide an estimate of the anticipated length of trial. 8. It is expected that the case will be ready for trial 04-APR-2016, and counsel should anticipate trial to begin expeditiously thereafter. 9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order. ...BY THE COURT: JOHN YOUNGE, J. | | | |
|---|---|---|---|---|
| 15-SEP-2015 10:13 AM | LISTED FOR SETTLEMENT CONF | | | 15-SEP-2015 10:13 AM |
| Docket Entry: | none. | | | |
| 15-SEP-2015 10:13 AM | LISTED FOR PRE-TRIAL CONF | | | 15-SEP-2015 10:13 AM |
| Docket Entry: | none. | | | |
| 15-SEP-2015 10:13 AM | LISTED FOR TRIAL | | | 15-SEP-2015 10:13 AM |
| Docket Entry: | none. | | | |
| 15-SEP-2015 10:13 AM | NOTICE GIVEN UNDER RULE 236 | | | 15-SEP-2015 05:24 PM |
| Docket Entry: | NOTICE GIVEN ON 15-SEP-2015 OF CASE MANAGEMENT ORDER ISSUED ENTERED ON 15-SEP-2015. | | | |
| 18-SEP-2015 04:32 PM | ORDER ENTERED/236 NOTICE GIVEN | YOUNGE, JOHN M | | 18-SEP-2015 04:32 PM |

Case ID: 151202495

7 copies

Certificate of Service

I John J Lynch hereby certifies that I have served a true, and correct copy of the attached Response to the appellees Supplemental upon the persons listed below by 1st class mail on the 21st day of March 2017

John J Lynch

RECEIVED MAR 24 2017

① Evelyn Rivera
10814 Modena Terrace
Phila Pa 19154

② Jennifer Schultz Esq
Community Legal Services
1410 W Erie Ave
Phila PA 19140

③ Thomas I Puleo Esq
KML Law Group PC,
701 Market St Ste#5000
Phila PA, 19106

④ Kyle Vellutato
Blank Rome LLP
One Logan Square
Phila PA, 19103

⑤ Gary F Seitz
Gellert Scali Busenkell
Brown LLC
the Curtis center
Suite 470W South
601 Walnut St
Phila PA 19106

⑥ Celine P Derpurborden
123 S Broad St Ste# 1400
Phila PA 19107



John S Lynch
PPN 362783
Philadelphia Department of Prisons
Philadelphia, PA 19136

Clerk of court
United States District court
601 Market st
Phila PA 19106